**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, proceeding under a pseudonym,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>*Defendants.* | Case No. 25-4297<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff John Doe ("Plaintiff" or "John Doe")[1] brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, seeking declaratory, injunctive, and other appropriate relief to compel Defendants United States Citizenship and Immigration Services ("USCIS") and the United States Immigration and Customs Enforcement ("ICE") to produce agency records improperly withheld from him.

2. Plaintiff is a noncitizen with pending removal proceedings in immigration court who, through his attorney, filed FOIA requests with Defendants seeking his individual immigration file ("A-File") and related documents.

[1] A motion to proceed under pseudonym is filed concurrently with the instant complaint.

3. Plaintiff files this FOIA action as USCIS and ICE improperly withheld and/or overly redacted records in response to Plaintiff's requests.

4. Absent the requested records, Plaintiff will be severely prejudiced in the course of his pending removal proceedings and related appeals where he is seeking fear-based relief from removal, resulting in a substantial infringement of his due process rights.

5. Plaintiff urgently needs agency records that have been improperly withheld or redacted to demonstrate that it is still more likely than not that he will be tortured or killed if removed to El Salvador.

6. Because of these serious due process concerns, Plaintiff seeks declaratory and injunctive relief compelling Defendants to disclose all agency records that have been unlawfully withheld or redacted in response to his FOIA request.

## JURISDICTION AND VENUE

7. This Court has federal subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), as this action arises under the FOIA pursuant to 5 U.S.C. § 552. FOIA grants the federal district courts of the United States "jurisdiction to enjoin [an executive] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (declaratory judgment).

8. Venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because this Court has jurisdiction to enjoin agencies from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

9. Plaintiff has exhausted all applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

10. Plaintiff John Doe was granted deferral of removal under the Convention Against Torture on July 24, 2017. He was transferred to ICE custody on January 8, 2025 and the government's motion to terminate his deferral of removal was granted on March 7, 2025. John Doe submitted FOIA requests seeking his A-File and related documents to defend against the government's claims that he no longer risked torture or death if returned to El Salvador, but Defendants unlawfully withheld these documents. Plaintiff is currently detained in ICE custody in Louisiana.

11. Defendants United States Citizenship and Immigration Services ("USCIS") is a component agency of the Department of Homeland Security and is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for adjudicating petitions and applications for certain immigration benefits in the United States. USCIS has in its possession, custody, and control individual immigration files, formally titled Alien Registration Files, also known as A-Files and other records that Plaintiff seeks. The National Records Center of USCIS is located in Lee's Summit, Missouri.

12. Defendant United States Immigration and Customs Enforcement ("ICE") is a component agency of the Department of Homeland Security and an agency of the U.S. government within the meaning of 5 U.S.C. §§ 551, 552(f), and 702. ICE enforces immigration and customs laws and is responsible for the detention and removal of immigrants. ICE has in its possession, custody, and control individual immigration files and other records that Plaintiff seeks. ICE is located at 500 12th Street SW, Washington D.C.

## STATEMENT OF FACTS

### A. The Requested FOIA Records Are Urgently Needed to Document the Grave Risks John Doe Would Face If Deported to El Salvador

13. Plaintiff was born in El Salvador and entered the United States on or around 2006.

14. Plaintiff was first detained in ICE custody on or about December 27, 2016. On July 24, 2017, an Immigration Judge at the Varick Street Immigration Court in New York granted Plaintiff's request for deferral of removal under the Convention Against Torture ("CAT") finding that Plaintiff met his burden to show it was more likely than not that he would be tortured if returned to El Salvador. Following this grant of fear-based relief, John Doe was released from ICE custody.

15. On January 8, 2025, Plaintiff was transferred from criminal custody into ICE custody in Louisiana, where he remains to date.

16. On March 7, 2025, an Immigration Judge in the Varick Street Immigration Court granted DHS's motion to reopen Plaintiff's removal proceedings and terminate Plaintiff's deferral of removal. The Immigration Judge also changed venue of Plaintiff's removal proceedings to the LaSalle Immigration Court in Louisiana.

17. Before the LaSalle Immigration Court, Plaintiff renewed his challenge to DHS terminating his deferral of removal and renewed his request for protection under CAT.

18. At the time Plaintiff initially made his FOIA requests, he was preparing for a merits hearing before the Immigration Judge in LaSalle Immigration Court regarding termination of Plaintiff's deferral of removal and his renewed request for deferral of removal under CAT. He sought records that DHS maintains about him in order to defend against their allegations that deferral of removal should be terminated and to support his argument that he would likely be

tortured or killed if returned to El Salvador. As explained below, USCIS and ICE failed to comply with these FOIA requests, seriously prejudicing his ability to defend himself.

19. On September 2, 2025, the Immigration Judge issued a decision terminating John Doe's prior grant of deferral of removal and denying his renewed request for protection under CAT.

20. In denying John Doe's renewed request for deferral of removal pursuant to CAT, the Immigration Judge found that while John Doe had presented sufficient evidence that there was a widespread risk of torture and extrajudicial killings in El Salvador, he did not present sufficient evidence that tied these risks to Plaintiff personally. But much of that evidence is in the possession of Defendants.

21. John Doe is currently appealing the March 7 and September 2 immigration court decisions to the Board of Immigration Appeals. His BIA appeal brief is due on December 11, 2025. Thus, the records sought through FOIA are still vitally important.

22. On information and belief, the requested records would help demonstrate that John Doe would be tortured or killed if removed to El Salvador either at the hands of MS-13—after serving as a U.S. government informant he was "greenlit," authorizing any member of the gang to kill him—or at the hands of the Salvadoran government.[2] Under the current "State of Exception," the Salvadoran government has suspended many due process protections, and when current or former gang members are deported, they are transferred to a long-term prison where they remain in pre-trial detention for years, during which time they are subject to a range of human rights abuses including torture or death.[3]

---

[2] The requested records would also help demonstrate that John Doe would also be at risk of being killed by rival Salvadoran gangs because of his MS-13 tattoos.

[3] *See* U.S. Department of State, *El Salvador 2023 Human Rights Report*, 2024, available at: https://www.state.gov/wp-content/uploads/2024/02/528267_EL-SALVADOR-2023-HUMAN-RIGHTS-

23. The requested records would show, among other things, that ICE has communicated with El Salvador about John Doe, including about his alleged MS-13 membership and tattoos as well as his gang-related criminal convictions, making his detention and torture a near certainty if he were to be deported.

**B. Plaintiff's FOIA Requests**

24. This case is based on Plaintiff's March 11, 2025 request to obtain immigration records from USCIS ("First USCIS Request," Ex. A), his April 30, 2025 request for the same documents as well as his complete A-file from USCIS ("Second USCIS Request," Ex. B), and his April 28, 2025 request for the same documents (except for his complete A-file) from ICE ("ICE Request," Ex. C) (collectively, "FOIA Requests").[4]

25. On March 11, 2025, Plaintiff filed a request to obtain records from USCIS. *See* Exhibit A.

26. On March 15, 2025, USCIS confirmed receipt of the First USCIS Request and assigned it control number NRC2025120695. On April 25, 2025, USCIS issued a letter indicating

REPORT.pdf; Human Rights Watch, *World Report, El Salvador: 2024*, available at: https://www.hrw.org/world-report/2025/country-chapters/el-salvador; Freedom House, *Freedom in the World 2025 – El Salvador*, available at https://freedomhouse.org/country/el-salvador/freedom-world/2025; Amnesty International, *El Salvador: A thousand days into the state of emergency. "Security" at the expense of human rights*, Dec. 20, 2024, available at:

https://www.amnesty.org/en/latest/news/2024/12/el-salvador-mil-dias-regimen-excepcion-modelo-seguridad-a-costa-derechos-humanos/ .

[4] The documents requested include the Full A file; any/all I-213s, sworn statement, documents related to ICE detention; ICE classification status, documents related to custody status; documentation related to DHS decision to redetain John Doe in Jan. 2025; any/all communications between ICE in New York and ICE offices in El Salvador from 2017-March 2025; any/all communications between ICE in Louisiana and ICE offices in El Salvador from 2021-March 2025; ICE/ERO communications and emails related to SAFE program and John Doe from 2017-March 2025; information and documents reviewed when inputting John Doe's name in SAFE program database; ICE documentation or notations about John Doe's tattoos; ICE documentation or notations about John Doe's alleged gang membership and any notations about MS-13; documentation related to the decision to reopen John Doe's removal proceedings and grant of protection under the Convention Against Torture and any discussions of potential removal to El Salvador or a third country.

that only 5 pages were responsive to the FOIA request. *See* Exhibit D, First USCIS Response Letter.

27. Counsel for John Doe contacted the USCIS FOIA Public Liaison via email on April 28, 2025, to ask the agency to provide the complete and responsive records. The Public Liaison suggested that John Doe should have instead submitted his FOIA under "Other Requests" for "personnel-related requests" despite the fact that this was not the relevant or appropriate type of FOIA request. *See* Exhibit E, USCIS Email.

28. On April 28, 2025, John Doe submitted the ICE FOIA Request. *See* Ex. C. ICE assigned the request control number 2025ICFO-34169. On May 16, 2025, ICE reported that no responsive records were found. *See* Exhibit F. Then, on June 11, 2025, ICE stated that it had identified 4 pages of responsive records. *See* Exhibit G.

29. On April 30, 2025, John Doe submitted the Second USCIS Request, requesting the same documents sought in the First USCIS Request as well as Plaintiff's complete A-file. *See* Exhibit B. USCIS assigned the request control number NRC2025211086.

30. On May 7, 2025, USCIS issued a letter in response stating that it had identified 941 pages of responsive documents. Of these documents, 402 pages were released, 302 pages were fully withheld, and 177 pages were released in part. USCIS stated that it redacted or withheld portions of the documents that were exempt pursuant to 5 U.S.C. § 552a (k)(2) of the Privacy Act and 5 U.S.C. § 552 (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) of the FOIA. *See* Exhibit H.

31. Additionally, USCIS stated that it had sent 60 pages of responsive documents to the Executive Office for U.S. Attorneys. USCIS did not cite any legal authority or exemption that allowed it to do so. *Id.*

32. John Doe was first put into immigration proceedings nearly nine years ago. He has filed relief applications before two immigration courts and has twice been detained for prolonged periods of time in multiple states. As such, it is clear that both ICE and USCIS's productions were inadequate, representing only a fraction of the responsive records that exist for John Doe.

**C. Plaintiff's Administrative FOIA Appeals**

33. Due to the inadequacy of these responses and how crucial the requested documents were to Plaintiff's renewed request for deferral of removal under CAT, John Doe, through his counsel, filed timely administrative appeals with USCIS and ICE pursuant to 5 U.S.C. § 552(a)(6)(A)(i)(III) (the "FOIA Appeals").

34. On June 8, 2025, Plaintiff filed an administrative appeal with USCIS regarding the First USCIS Request. *See* Exhibit I. It was assigned control number APP2025006537REQ.

35. Also on June 8, 2025, Plaintiff filed an administrative appeal with USCIS regarding the Second USCIS Request. *See* Exhibit J. It was assigned control number APP2025006538REQ.

36. On June 26, 2025, Plaintiff filed an administrative appeal with ICE regarding the ICE FOIA appeal and was assigned control number 2025-ICAP-00321. *See* Exhibit K. On June 27, 2025, through counsel, Plaintiff emailed ICE to urge the agency to provide the complete and responsive documents requested through FOIA without further delay given that John Doe was scheduled for his individual hearing on July 25, 2025. *See* Exhibit L.

37. The FOIA Appeals argued, among other things, that ICE's response of 4 pages was plainly inadequate, that USCIS should not have withheld or redacted documents submitted by John Doe himself and that USCIS and ICE should have provided additional documents regarding any gang membership, John Doe's tattoos, the agency decision to re-detain John Doe and documentation related to the efforts to revoke the prior CAT grant. *See* Exhibits I-K.

38. The FOIA Appeals also argued that both USCIS and ICE should have produced communications between ICE and El Salvador regarding John Doe as well as ICE communications related to the Security Alliance for Fugitive Enforcement program (the "SAFE" program) and Plaintiff's possible inclusion in that program.

39. The SAFE program is an information-sharing program between ICE and El Salvador, targeting people like John Doe, who ICE has alleged are gang members.[5] Given that Plaintiff is from El Salvador and has criminal convictions that are categorized as gang-related, it is likely that he is included in this program. Additionally, there is direct communication between law enforcement agencies in Long Island, NY, where Plaintiff lived, and El Salvador regarding members of MS-13 that may have produced responsive documents.[6]

40. ICE responded to the FOIA appeal on August 4, 2025, and produced 6 additional pages which were released in part. *See* Exhibit M. Thus, ICE released a total of 10 pages as a result of Plaintiff's FOIA request. This limited production of records is clearly inadequate.

41. USCIS has not responded to either of the FOIA appeals which were submitted on June 8, 2025. The USCIS appeals have been pending for 125 business days—far in excess of the statutory limit of 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii).

42. Plaintiff has exhausted all applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

---

[5] *See* U.S. Immigration and Customs Enforcement, *ICE ERO hosts Security Alliance for Fugitive Enforcement Workshop for Central American Counterparts in El Salvador*, Jan. 22, 2020, https://www. ice.gov/news/releases/ice-ero-hosts-security-alliance-fugitive-enforcement-workshop-central-american; National Immigration Justice Center, *Caught in the Web: The Role of International Data-Sharing in U.S. Immigration System*, Dec. 2022, https://immigrantjustice.org/wp-content/uploads/2025/05/NIJC_Policy_Brief_Foreign_data_sharing_December-2022.pdf at 3-5.

[6] FBI, *Combating MS-13 Gang Violence Takes FBI Long Island Gang Task Force, Law Enforcement Partners to El Salvador*, Jan. 25, 2018, https://www.fbi.gov/contact-us/field-offices/newyork/news/press-releases/combating-ms-13-gang-violence-takes-fbi-long-island-gang-task-force-law-enforcement-partners-to-el-salvador.

43. Defendants continue to deny John Doe adequate access to his immigration records and documents relevant to his removal proceedings, significantly impairing his ability to effectively appeal the termination of his deferral of removal pursuant to CAT and the denial of his new request for CAT protection, in violation of his due process rights.

44. In the absence of corrective actions by USCIS or ICE, Plaintiff will not be able to obtain the records the government maintains about him in order to litigate his BIA appeal. These records contain information on the matters that are at issue in his BIA appeal and could provide a basis for the BIA to grant a motion to remand for reconsideration of his request for CAT protection. *See, e.g.*, *Nightingale v. U.S. Citizenship and Immigration Servs.*, No. 19-cv-03512, 2019 WL 5191066, at *1-2 (N.D. Cal. Oct. 15, 2019) (noting that A-files are "critical to defending against removal or determining eligibility for immigration benefits" and describing the harms of delayed access to such files); *Matter of Duran*, 20 I&N Dec. 1, 3 (BIA 1989) ("We have no difficulty concluding that . . . a person in immigration proceedings should be given access to the records maintained about himself by [immigration agencies].").

## CLAIM FOR RELIEF

### COUNT 1

### Violation of the Freedom of Information Act, 5 U.S.C. § 552: Failure to Disclose Responsive Records

45. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

46. Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce all records responsive to Plaintiff's FOIA Requests.

47. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

48. Defendants' failure to disclose all responsive records violates 5 U.S.C. § 552(a)(3)(A).

**COUNT 2**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552:**
**Overbroad Redactions and Improper Withholding Under Exemptions**

49. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

50. Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to Plaintiff's FOIA Requests, unless they fall within a statutory exemption.

51. Defendants have improperly withheld and/or redacted responsive records and/or portions thereof by invoking certain exemptions, including 5 U.S.C. § 552a(k)(2) of the Privacy Act and 5 U.S.C. § 552(b)(3), (b)(5) (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

52. Defendants have also failed to provide a sufficiently detailed justification for their overbroad redactions and improper withholding of records, have failed to perform the required segregation analysis, and have withheld non-exempt information in its entirety, in direct violation of 5 U.S.C. § 552(b).

53. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

54. Defendants' failure to meet the burden to establish the exemptions and failure to disclose all responsive records as statutorily required violates 5 U.S.C. § 552(a)(3)(A).

**COUNT 3**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552:**
**Failure to Respond to An Appeal Within 20 Business Days**

55. Plaintiff restates and incorporates by reference the allegations contained in the preceding paragraphs.

56. Plaintiff properly requested records within the possession, custody, and control of Defendant USCIS and timely filed an administrative appeal.

57. Defendant USCIS is an agency subject to FOIA and is therefore obliged under 5 U.S.C. § 552(a)(6)(A)(ii) to make a determination with respect to any appeal within 20 business days.

58. USCIS has not responded to either of Plaintiff's FOIA appeals which were submitted on June 8, 2025. The USCIS appeals have been pending for 125 business days—in excess of the statutory limit of 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii).

59. Plaintiff has a legal right to timely obtain records responsive to his request, and no legal basis exists for Defendant's failure to respond to Plaintiff's administrative appeal and timely disclose those documents .

60. Defendant's failure to disclose all responsive records within the statutory timeframe violates 5 U.S.C. §§ 552(a)(6)(A)(i) and (B) and has caused and will continue to cause Plaintiff substantial harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in his favor against Defendants, and asks that the Court:

A. Assume jurisdiction over this matter;

B. Declare that Defendants' failure to disclose the records responsive to Plaintiff's FOIA Requests violates FOIA, 5 U.S.C. § 552(a)(3)(A);

C. Declare that Defendant USCIS's failure to promptly make a determination on the administrative appeals violates 5 U.S.C. § 552(a)(6)(A)(ii).

D. Order Defendants USCIS and ICE to expeditiously disclose all responsive, non-exempt records and enjoin Defendants USCIS and ICE from improperly withholding records;

E. Order Defendants USCIS and ICE to expeditiously review the purported bases for the redactions and the responsive pages that were withheld, and provide the full set of responsive records to Plaintiff in response to the FOIA Requests;

F. Order Defendants USCIS and ICE to expeditiously provide a sufficiently detailed account of the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided;

G. Order Defendants USCIS and ICE to expeditiously provide any reasonably segregable portion of a record after redaction of the portions that are exempt under the statute;

H. Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and any other applicable statute or regulation; and

I. Grant such other relief as the Court may deem just, equitable, and appropriate.

December 10, 2025

Respectfully submitted,

*/s/ Alyssa Briody*

Alyssa Briody, Esq.*
Lucas Marquez, Esq.*
Brooklyn Defender Services
177 Livingston Street, 7th Floor
Brooklyn, NY 11201
Email: abriody@bds.org
(347) 756-1989
*Pro Bono Counsel for Plaintiff*

*Appearing pursuant to Local Rule 83.2(f) as pro bono counsel on behalf of indigent Plaintiff.